FARLEY v. ROBERT WHITE ENGINEERING CO.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

1. MASTER AND SERVANT (§ 97*)—SAFE PLACE OF WORK—ANTICIPATION OF CONSEQUENCES.
     A horizontal flue, which was being repaired when plaintiff was injured, was 8 by 8 feet a part of its length, but near one end, where a vertical flue connected with it, it was 8 by 10 feet. Plaintiff's employer contracted to take apart and replace that part of the flue which was 8 by 8 feet in dimension, but was to do nothing to the 8 by 10 sections. Plaintiff was injured by falling through the vertical flue, while walking through the sections of the horizontal flue, which were not lighted, in searching for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

boards, in the course of the work. *Held*, that taking down and replacing the flue was the work itself which plaintiff's employer contracted to do, and, as he had no reason to anticipate injuries to workmen in another part of the flue, which he was not employed to work on, the rule as to furnishing a safe place of work did not apply to make him liable for plaintiff's injuries; the duty of lighting, etc., dangerous places, and warning employés thereof, being merely incidental to that of furnishing a safe place for work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 163; Dec. Dig. § 97.*]

2. MASTER AND SERVANT (§ 85*)—MASTER'S DUTIES.

At common law a master's duty was to furnish a safe place of work, competent workmen, a sufficient force for the work, and reasonably safe appliances.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 135; Dec. Dig. § 85.*]

3. MASTER AND SERVANT (§ 190*)—VICE PRINCIPALS—PERFORMANCE OF MASTER'S DUTIES.

The master is liable at common law for his superintendent's negligence only where it involves some affirmative duty of the master, as to furnish a safe place of work, etc.; and, where the master was only engaged to repair part of a horizontal flue, he was not liable for a servant's injuries caused by the negligence of his superintendent in directing the servant to go to another part of the flue, which the master was not employed to repair, and which he had no reason to believe would subject workmen to danger, even though the superintendent might have foreseen such injuries, that not being a place of work which the master had furnished.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 451; Dec. Dig. § 190.*]

Appeal from Trial Term, Kings County.

Action by James J. Farley against the Robert White Engineering Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Edward P. Mowton, for appellant.
John E. Walker, for respondent.

MILLER, J. This is a suit by a servant to recover upon common-law grounds damages for injuries alleged to have been sustained as a result of the master's negligence. The appellant contracted with the New York Steam Company to take down and replace sections of a horizontal smoke flue extending along the side, and about 35 or 40 feet from the floor, of a room 116 by 60 feet. About 8 feet from one end a vertical flue, 8 by 10 feet at the top, intended for a smoke consumer or economizer, was fitted into the said horizontal flue, which at that end, and for a distance from the said vertical flue variously estimated at from 12 to 36 feet, was 8 feet high and 10 feet wide, and for the rest of the distance about 8 feet square. The appellant's contract required it to replace the said sections 8 feet square with larger sections, so as to make the entire flue more nearly uniform in size. It was not required to, and in fact did not, do any work on the said sections, 8 by 10 feet, with which the said vertical flue was connected;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

its work being confined between the point 12 to 36 feet, as the case may be, from the vertical flue and the opposite end of the horizontal flue. The plaintiff was employed on that work with a gang of men under the supervision of a foreman. According to his evidence, the 8 by 8 sections had been disconnected from the 8 by 10 sections, and the new sections were being lifted into place, when he was directed by said foreman to go into the part of the flue upon which no work was to be done to get some planks, which had been shoved in there to be out of the way, and was told that he did not need a light, as he could feel the planks. It was dark inside the flue. In obedience to that direction, the plaintiff entered the flue, walked the said distance of from 12 to 36 feet, passed the planks, and unaware, as he says, of the opening into the vertical flue, stepped into it and fell to the bottom, sustaining serious injuries.

The complaint alleges that the appellant failed to provide the plaintiff with a safe place to work, to inspect or ascertain if the place was safe, to guard or light the said hole, or to warn the plaintiff thereof. The learned trial justice charged that the rule of safe place had no application, but submitted to the jury the question whether the foreman was negligent in sending the plaintiff into the flue without warning him of the danger from the open space where the vertical and horizontal flues united. We agree with the trial court that the rule of safe place does not apply. The horizontal flue was not a place to work furnished by the appellant. So far as the appellant had anything to do with the flue, instead of being the place to work, its taking down and replacing constituted the work itself. Whether the work contracted to be done commenced 12 or 36 feet from the vertical flue, the appellant was not concerned with it. It was not shown on the plans for the doing of the work, and, if the appellant knew of its presence, it had no reason to anticipate that the work which it contracted to do would subject any of its workmen to the danger of falling into it. It is quite evident from this record that the distance from the said vertical flue was more than 12 feet; for it was light at the opening and the plaintiff said that it was so dark where he fell that he could not see anything. The duty to inspect, to guard or light dangerous places, and to warn the employé of hidden dangers, is merely incidental to the duty of furnishing a safe place in which to work, and it is difficult to perceive how the appellant owed the plaintiff the duty to light or guard this hole, or to warn him of its presence, without any reason to anticipate that his work would call him near it.

It may be assumed that the foreman was negligent, and that his act was an act of superintendence; but an act of superintendence may be a detail of the work, which the master may intrust to another. The test is whether the act involved some affirmative duty of the master, and the foreman was not the master, except in the discharge of some such duty; i. e., the duty to furnish a safe place, the duty to furnish competent and a sufficient number of fellow servants, and the duty to furnish sufficient and reasonably safe appliances. The master's duty at common law may be referred to one of those three heads. Having selected a competent superintendent, the master might intrust to him the superintendence and direction of the work without being liable for

his negligence, except in the discharge of the master's duties. A negligent direction respecting time, place, or manner of doing the work may be as much a detail of the work as the act of doing it. The negligent direction of the foreman to enter the horizontal flue in the direction of the vertical flue did not make that a place to work furnished by the master, any more than his negligent direction respecting any other detail of the work would have been the act of the master. If the master had had any reason to expect that the work would subject the men to the danger of falling into this hole, a different question would be presented.

The following decisions, among the many which might be cited, settled the law in this state prior to the enactment of the employer's liability act in accordance with the views hereinbefore expressed: Crispin v. Babbitt, 81 N. Y. 516, 37 Am. Rep. 521; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905; Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021; Capasso v. Woolfolk, 163 N. Y. 472, 57 N. E. 760. Perhaps the case of McGovern v. C. V. R. R. Co., 123 N. Y. 280, 25 N. E. 373, is the nearest case in point favorable to the respondent; but in that case the bin was the place furnished by the master, the master knew that his servants would be called upon to enter the bin, the danger could have been obviated by the exercise of reasonable care, and the servant had the right to rely on the superior knowledge of the master and on the assumption that the necessary precautions had been taken to ascertain whether it was safe to enter the bin at the bottom. The superintendent, therefore, in directing the deceased to enter the bin at the bottom, without taking any precautions to ascertain whether it was safe for him to do so, stood in the place of the master.

It may be said that the plaintiff knew as much as the master or the foreman about the vertical flue. The master was not called upon to note what its work did not involve; and it appears that none of the workmen took particular note of it. It seems unaccountable that the plaintiff should have expected to find the plank as far within the flue as he went. Naturally he would be expected to look near the opening, where in fact the planks were; but, even if the foreman should have anticipated that the plaintiff might walk past the planks and into the hole, the master was not called upon to foresee that its workmen would be searching for lumber in this dark flue, and away from where they would naturally be expected to do their work. The place was not furnished by the defendant, and it was not responsible for an accident which it was not required in the exercise of reasonable care to foresee.

The judgment and order are reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.